```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
------------------------------ X          ELECTRONICALLY FILED
GERALDINE RUIZ, and SALVATORE  :          DOC #: _____
TORRES,                        :          DATE FILED: 02/27/2019
                               :
              Plaintiffs,      :
                               :          No. 17 Civ. 6727 (JFK)
    -against-                  :          OPINION & ORDER
                               :
UNITED STATES OF AMERICA,      :
                               :
              Defendant.       :
------------------------------ X
```

APPEARANCES

FOR PLAINTIFFS GERALDINE RUIZ and SALVATORE TORRES
    Peter Charles Gordon, Esq.
    LAW OFFICE OF PETER C. GORDON, LLC

FOR DEFENDANT UNITED STATES OF AMERICA
    Casey Kyung-Se Lee, Esq.
    UNITED STATES ATTORNEY'S OFFICE S.D.N.Y.

**JOHN F. KEENAN**, United States District Judge:

Before the Court is a motion by Defendant the United States of America (the "United States" or the "Government") to dismiss the complaint filed by Plaintiffs Geraldine Ruiz ("Ruiz") and Salvatore Torres ("Torres") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the Government's motion is granted.

## Background

**A. Factual Background**

1

For the purposes of this motion to dismiss, the Court assumes that the facts alleged in the complaint are true. Plaintiff Geraldine Ruiz was injured on June 19, 2014, while in a theater at the Ellis Island Museum in New York, New York, which is operated by the National Park Service (the "NPS"). (Compl. ¶ 7; Butler Decl. ¶ 2 (March 13, 2018), ECF No 27.) The Parties refer to this theater in their briefs as "Theater One." (See Mem of Law in Supp. of the United States of America's Mot. to Dismiss at 1 (March 13, 2018), ECF No. 25 [hereinafter "Mem."].) Although not alleged in the complaint, the Parties' briefs and Plaintiffs' administrative claims clarify that Ruiz fell in the theater "due to lack of proper lighting and the failure of the [museum] employees to warn her or guide her to her seat." (See Lea J. Tyhach Decl. Ex. A, (March 13, 2018), ECF No. 26.) The complaint alleges that the Government "negligently and carelessly, own[ed], occup[ied], operat[ed] and/or maintain[ed] the . . . premises so as to cause a dangerous condition to exist thereon." (Compl. ¶ 9.)

As a result of her fall, Ruiz "was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication, and has been and will in the future continue to be hampered in her daily routine." (Id. ¶ 10.) After her fall, Plaintiff Torres, Ruiz's husband, was "deprived of the service,

2

society, and consortium of . . . Ruiz." (Id. ¶ 13.) The complaint asserts two causes of action for negligence against the Government: one for Ruiz's injuries and one for Torres's loss of consortium of Ruiz. (Id. ¶¶ 8-13.)

### B. Procedural History

On April 25, 2016, the Department of the Interior (the "DOI") received administrative claims from Ruiz and Torres, both of which it denied by letter on September 22, 2016. (Tyhach Decl. ¶ 4; id. Exs. A, B, C.) Having exhausted their administrative remedies, Plaintiffs filed the instant action in the District Court of New Jersey on March 19, 2017. (ECF No. 10.) On September 5, 2017, the case was transferred from the District of New Jersey to this Court pursuant to a stipulation by both Parties. (Id.) Jurisdiction over Plaintiffs' claims is predicated on 28 U.S.C. § 1346(b), which gives the district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages."

## Discussion

### I. Legal Standard

#### A. Federal Rule of Civil Procedure 12(b)(1)

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1),

3

the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014). When a party challenges a court's jurisdiction, the court may "refer to evidence outside the pleadings" in evaluating any disputed jurisdictional fact. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002); see also Tandon, 752 F.3d at 243 ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." (quoting APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003)).

**B. The FTCA and the Discretionary Function Exception**

The Government seeks dismissal of both of Plaintiffs' causes of action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because it was performing "a discretionary function" and is therefore immune from suit.(Mem. at 5.)

Whether the United States is immune from suit is a jurisdictional question, and, therefore, is properly decided on a 12(b)(1) motion. See Makarova, 201 F.3d at 113 ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or

4

constitutional power to adjudicate it.") The United States, as sovereign, "is typically immune from suit." Molchatsky v. United States, 713 F.3d 159, 162 (2d Cir. 2013). The Federal Tort Claims Act (the "FTCA"), however, waives sovereign immunity for claims based on the negligent acts of U.S. agencies or employees. See 28 U.S.C. § 1346; see also Coulthurst v. United States, 214 F.3d 106, 108 (2d Cir. 2000). In relevant part, the FTCA authorizes suits

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA's waiver of sovereign immunity is not limitless. In particular, the FTCA excludes from its waiver claims based on a federal agency's or employee's performance of or failure to perform "a discretionary function . . . , whether or not the discretion involved [was] abused." 28 U.S.C. § 2680(a). Under this limitation, a court cannot hold the Government liable based on the negligent acts of its agencies or employees when two conditions are met: "(1) the acts alleged to be negligent [are] discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation and (2)

5

the judgment or choice in question [is] grounded in 'considerations of public policy' or susceptible to policy analysis." Coulthurst, 214 F.3d at 109.

There is some dispute over whether the plaintiff or the United States bears the ultimate burden of proving the applicability of the discretionary function exception. See Anson v. United States, 294 F. Supp. 3d 144, 158 (W.D.N.Y. 2018) ("[N]either the Second Circuit nor the United States Supreme Court has explicitly answered whether the United States or a plaintiff bears the ultimate burden of proving the applicability of the discretionary function exception." (quoting Ruiz ex rel. E.R. v. United States, No. 13-CV-1241, 2014 WL 4662241, at *4 (E.D.N.Y. Sept. 18, 2014)). The Second Circuit, however, has endorsed the view that on a motion to dismiss for lack of subject matter jurisdiction, "Plaintiffs bear the initial burden to state a claim that is not barred by the [Discretionary Function Exception]." Molchatsky, 713 F.3d at 162. "If the Government responds by demonstrating that the action falls within a discretionary framework, a plaintiff must rebut the Government's showing sufficiently to demonstrate that there is a plausible case for non-discretionary or non-policy action in order to defeat dismissal." Molchatsky v. United States, 778 F. Supp. 2d 421, 431 (S.D.N.Y. 2011), aff'd, 713 F.3d 159.

## II. Plaintiffs' Claims Are Barred by the Discretionary Function Exception

The administrative claim Plaintiff Ruiz filed with the DOI states that "Claimant, Geraldine Ruiz fell due to lack of proper lighting and the failure of the employees to warn or guide her to her seat causing claimant to misstep and fall." (Tyhach Decl. Ex. A.) The Government, in its motion to dismiss, provided affidavits stating that the NPS's decisions to (1) dim the lights in the movie theater prior to the movie, (2) refrain from having ushers escort individual visitors to their seats, and (3) not warn visitors of the steps in Theater One were discretionary decisions motived by public policy analysis. (See, e.g., Butler Decl. ¶¶ 6-7.) Accordingly, to plausibly state that this Court has jurisdiction over their claims, Plaintiffs must make some showing that the NPS's conduct was based on non-discretionary or non-policy action. They have failed to do so.

Plaintiffs concede in their opposition that the decisions made by NPS were indeed discretionary and not mandated by any statute or regulation. (Mem. of Law in Opp. to Def.'s Mot. to Dismiss at 9-10, (April 30, 2018), ECF No. 30 [hereinafter "Opp."] ("The plaintiff acknowledges that it appears that there is no federal statute, regulation or policy specifically prescribing a course of action for the defendant's employees to follow in this circumstance.")). Accordingly, the question facing the Court is whether Plaintiffs have sufficiently

rebutted the Government's evidence that the NPS's decisions were "grounded in 'considerations of public policy' or susceptible to policy analysis." Coulthurst, 214 F.3d at 109; see also Brotman v. United States, 111 F. Supp. 2d 418, 423 (S.D.N.Y. 2000) ("The . . . question is whether, if the conduct was discretionary, that conduct is 'based on considerations of public policy.'"). The Court holds they have not.

Plaintiffs posit two reasons why the NPS's decisions were not grounded in public policy concerns. First, they argue that Ruiz fell because "the lights were not on because they were broken, malfunctioning, or simply turned off," and "[t]he failure to maintain the lights in working order or to not turn them on when the patrons were entering the theater is not a policy decision grounded in social, economic, and political policy." (Opp. at 11.) Plaintiffs rely Indian Towing Co. v. United States, where the Government installed a lighthouse but failed to maintain it in working order. 350 U.S. 61, 69 (1955). The Supreme Court held that the Coast Guard did not need to "undertake the lighthouse service," but "once it exercised its discretion to operate a light . . . and engendered reliance on the guidance afforded by the light, it was obligated to use due care to make certain that the light was kept in good working order." Id. at 69. "If the Coast Guard failed in its duty and damage was thereby caused to petitioners, the United States is

liable under the Tort Claims Act." Id. Plaintiffs' comparison to Indian Towing does not persuade the Court that the discretionary function exception does not apply here since nowhere in their complaint do Plaintiffs allege that the lights in the theater were broken or malfunctioning, or that the dimming of the lights was not the purposeful result of the NPS's efforts to facilitate the viewing of the theater's film. Without these allegations, Plaintiffs have not plausibly pled that the NPS "decided to institute a specific practice" and then failed "to exercise due care in executing that practice." Brotman v. United States, 111 F. Supp. 2d 418, 424-25 (S.D.N.Y. 2000).

Second, Plaintiffs argue that this case is analogous to the Third Circuit case, Cestonaro v. United States, 211 F.3d 749 (3d Cir. 2000). There, the plaintiff, a widow, brought a wrongful death action after her husband was murdered in a parking lot maintained by the NPS. Id. at 751-52. The Third Circuit held that the NPS failed "to show how providing some lighting, but not more, is grounded in the policy objections with respect to the management of the National Historic Site." Id. at 757. Here, however, the Government has argued that part of the NPS's mission is to "provide for the enjoyment of . . . natural and historic objects," 54 U.S.C. § 100101, and that the NPS made its decisions in furtherance of that objective. (Mem. at 6-7.) It

dimmed the lights in the movie theater "so that visitors could properly observe educational films," and it made the decision not to have ushers guide visitors or warn them of the steps in Theater One to facilitate accommodating "the large volume of visitors." (Butler Decl. ¶ 7.) The NPS's decisions are, therefore, "susceptible to policy analysis" and involve the kind of judgment "that the discretionary function exception was designed to shield." United States v. Gaubert, 499 U.S. 315 (1991) (quoting Berkovitz, 486 U.S. 531, 536 (1988)). Plaintiffs have, therefore, failed to allege conduct that falls outside the discretionary function exception and would make the government susceptible to suit in federal court.

### III. Jurisdictional Discovery

Plaintiffs argue that they should be entitled to jurisdictional discovery. "Where a plaintiff fails to establish a prima facie case that a court has jurisdiction over a defendant, it is within a court's discretion whether to allow jurisdictional discovery." Togut v. Forever 21, Inc., 285 F. Supp. 3d 643, 648 (S.D.N.Y. 2018). Plaintiffs assert they are entitled to discovery because "[f]or some reason the theater was not properly illuminated with . . . lights at the time of [Ruiz's] fall," and "[t]he only way for the plaintiff to establish if some or all the lights were not working or if the defendant's employees failed to turn them on is to obtain

discovery from the defendant." (Opp. at 16.)  The Court denies jurisdictional discovery in this case because Plaintiffs have failed to allege in their complaint that the lights in the theater were broken, malfunctioning, or turned off for reasons unrelated to policy decisions made by the NPS.  Without these allegations, there is no basis for jurisdictional discovery.  To hold otherwise would allow "a plaintiff suing . . . in the federal courts in New York, to make . . . conclusory non-fact-specific jurisdictional allegations and . . . obtain extensive discovery on that issue." Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998).

## IV.  Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Amendment is not warranted, however, "absent some indication as to what [a plaintiff] might add to [its] complaint in order to make it viable." Shemian v. Research In Motion Ltd., 570 F. App'x 32, 37 (2d Cir. 2014) (quoting Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir. 2004)).  Accordingly, should Plaintiffs wish to amend their complaint, they must demonstrate (1) how they will cure the deficiencies in their claims by filing a proposed amended complaint and (2) that justice requires granting leave to amend.  Such demonstration shall be filed within 30 days of

the date of this Opinion. In addition, although the Government brought this motion under Rule 12(b)(1), the Court notes that the complaint as presently drafted would be unlikely to survive a Rule 12(b)(6) motion.

**Conclusion**

For the reasons stated above, the Government's motion to dismiss the complaint is GRANTED without prejudice. The Clerk of Court is respectfully directed to close the motion docketed at ECF No. 24 and terminate this case.

SO ORDERED.
New York, New York
February 27, 2019

John F. Keenan
United States District Judge